UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Kimbley Carter Williams,<br>    *Plaintiff*,<br><br>v.<br><br>William Simon and R. Vaughn,<br><br>    *Defendants*. | §<br>§<br>§<br>§<br>§   Civil Action No. 4:25-cv-02460<br>§<br>§<br>§ |

## DEFENDANT SIMON'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant William Simon respectfully moves to dismiss this case, because (1) Plaintiff has failed to allege a waiver of sovereign immunity, such that this Court lacks jurisdiction, and (2) Plaintiff has failed to state a claim, because none of the criminal statutes alleged in the complaint provide a private right of action.

## NATURE AND STAGE OF THE PROCEEDING

On May 27, 2025, Plaintiff filed suit against a Deputy U.S. Marshal and a Court Security Officer for allegedly refusing her entry to the United States District Courthouse at 515 Rusk Street, Houston, TX 77002. ECF No. 1 at 4. She seeks $14 million in damages. *Id.* at 6.

## STATEMENT OF THE ISSUES

1. Should Plaintiff's claims be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1)?

2. Should Plaintiff's claims be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6)?

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss an action when it lacks subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (quotations omitted). Once a Rule 12(b)(1) motion is filed, the party asserting jurisdiction bears the burden of proof. *Alfonso v. United States*, 752 F.3d 622, 625 (5th Cir. 2014) (quotations omitted). In reviewing such a motion, a court may rely on any of the following to decide the matter: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009) (quotations omitted).

Further, a court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Unsupported factual allegations and legal conclusions, however, receive no such deference. *Id.* at 679. A complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

# ARGUMENT

### I. The Court lacks jurisdiction over Plaintiff's claims.

The federal government cannot be sued unless Congress has waived sovereign immunity by statute. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity cannot be implied; it must be unequivocally expressed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. King*, 395 U.S. 1, 4 (1969). Accordingly, to bring the United States or one of its agencies into court, a statute must expressly waive the sovereign immunity of the United States. *Lane v. Pena*, 518 U.S. 187, 192 (1996). A waiver of sovereign immunity is "strictly construed, in terms of its scope, in favor of the sovereign." *Id.*

Plaintiff's Complaint alleges federal jurisdiction under various criminal statutes, including 18 U.S.C. §§ 242, 241, 245, 373, 41 and 1001. ECF No. 1 at 3. However, none of these criminal statutes provide a valid waiver of sovereign immunity against Deputy U.S. Marshal Simon, because they cannot give rise to any cause of action. *See* Section II, infra. While her complaint is admittedly not clear, Plaintiff also lists the following as the basis for jurisdiction: false information, misleading information, injury, trespass and damage, mental anguish, pain and suffering, false information, criminal violations, and civil rights."[1] *Id.* As the

---

[1] Plaintiff's complaint does not specify whether she is suing Deputy U.S. Marshal Simon in his individual capacity. To the extent Plaintiff attempts to bring a *Bivens* claim, she must properly plead such a claim and must serve Deputy U.S. Marshal Simon pursuant to Fed. R. Civ. P. 4(i)(3). After service is completed, an approval process is required before Deputy U.S. Marshal Simon can obtain representation in his individual capacity. Such amendment, however, is futile given that Plaintiff's claims would fall within a new *Bivens* context and special factors counsel against extending *Bivens* to Plaintiff's claims. *See, e.g.*, *McIntyre v. United States Marshal Serv.*, No. 2:18-CV-01268, 2023 WL 2447424 (D.N.J. Mar. 10, 2023) (granting motion to dismiss since plaintiff's claims, involving pretrial detainees, transportation and court-appearance settings, courtroom security, allegations of similar Fifth Amendment violations, alleged wrongful conduct by USMS employees, or USMS policy, are meaningfully different from *Bivens*, *Carlson*, and *Passman* and present a new context, and special

party seeking federal jurisdiction, Plaintiff bears the burden of establishing that the federal government has waived its sovereign immunity with respect to her claims. *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).

Plaintiff has failed to plead a valid waiver of sovereign immunity applicable to this case. Accordingly, the Court lacks jurisdiction, and this case should be dismissed.

### II. Plaintiff fails to state a claim, because none of the criminal statutes alleged by Plaintiff provide a private right of action.

Plaintiff alleges federal jurisdiction under various criminal statutes, including 18 U.S.C. §§ 242, 241, 245, 373, 41 and 1001. *See* ECF No. 1 at 3.

"Federal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action." *Johnson v. Fed. Bureau of Investigation*, No. CV H-16-1337, 2016 WL 9776489, at *3 (S.D. Tex. Nov. 17, 2016) (citation omitted); *see also Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) ("[F]ederal criminal statutes do not provide private causes of action . . . .") (citation omitted); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007) ("[A] private citizen cannot enforce criminal statutes in a civil action.") (citation omitted).

Therefore, none of these statutes create a private right of action. *See Chaney v. Races & Aces*, 590 F. App'x 327, 330 (5th Cir. 2014) ("Sections 241 and 242 are criminal statutes that 'do not provide for a private right of action.'") (citation omitted); *Johnson*, 2016 WL 9776489, at *3 ("Sections 241, 242, and 245 of the United States Code title 18 do not provide a private

---

factors, like the potential that implying a *Bivens* remedy may impair DUSMs' ability to provide security for the federal judiciary, counsel against extending the remedy).

cause of action.") (citations omitted); *El v. O'Brien*, No. 12-CV-01793 DLI JMA, 2012 WL 2367096, at *2 (E.D.N.Y. June 20, 2012) (18 U.S.C. §§ 373, 1001 do not provide for any private right of action) (citations omitted); *Williams v. McCausland*, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992) (no private right of action provided under 18 U.S.C. § 1001) (citations omitted); *Miller-El v. Ohio*, No. 1:22 CV 686, 2022 WL 3043056, at *3 (N.D. Ohio Aug. 2, 2022) (18 U.S.C §§ 41, 241, 242 do not provide a private right of action in a civil case) (citation omitted).

Plaintiff thus fails to state a claim, and her claims should be dismissed.

## CONCLUSION

For the foregoing reasons, the United States requests that the Court dismiss Plaintiff's claims in their entirety.

Dated: August 29, 2025

Respectfully submitted,

NICHOLAS J. GANJEI
United States Attorney

By: */s/ Myra Siddiqui*
Myra Siddiqui
Assistant United States Attorney
Southern District No. 3257790
Texas Bar No. 24106434
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9600
Fax: (713) 718-3300
E-mail: myra.siddiqui@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Plaintiff via email on August 26, 2025. Plaintiff opposes the foregoing motion.

>/s/ Myra Siddiqui
>Myra Siddiqui
>Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on August 29, 2025, the foregoing was filed and served on Plaintiff via email.

>/s/ Myra Siddiqui
>Myra Siddiqui
>Assistant United States Attorney